# In *re* a Minor Child

High Court of American Samoa
Trial Division

JR No. 81-93

February 16, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Petitioners, Ellen A. Ryan

Order Denying Petition to Terminate Respondents' Parental Rights:

Petitioners are the custodial parents of the minor before the court. The respondents are the natural parents. The minor has been with the petitioners since birth pursuant to a prenatal arrangement with the natural parents to relinquish the child to be raised by petitioners. One petitioner and one respondent are first cousins.

The parties now desire to formalize the arrangement and have petitioners adopt the minor. The respondents, however, are residents of California, and are presently unable to travel to the territory to petition for voluntary relinquishment of all parental rights to the child, pursuant to A.S.C.A. § 45.0403, in order that the child be made available for adoption in accordance with the requirements of A.S.C.A. § 45.0412(2). Consequently, the petitioners have initiated action by filing an A.S.C.A. § 45.0115(a)(3) petition to terminate respondents' parental rights, on the

grounds that the child is neglected and dependent. The respondents have, in turn, acknowledged receipt of the summons and have both filed waivers of further notice of the proceedings.

 We find that the evidence does not sustain a finding of a child "neglected and dependent," as those terms are defined by A.S.C.A. § 45.0103(19). Rather, the evidence suggests the situation of a child whose care and custody were "voluntarily relinquished" by his natural parents to the petitioners. In these circumstances, the appropriate action to be filed is an A.S.C.A. § 45.0402 petition for voluntary relinquishment of parental rights, which must be filed by the *natural* parents. *See In the Interest of Three Minor Children*, 3 A.S.R.2d 4 (Trial Div. 1986). A.S.C.A. § 45.0402 effectively requires that the natural parents be present in court, and the alternative involuntary termination proceeding under A.S.C.A. § 45.0103(19) is not to be used in order to avoid the necessity of having the natural parents attend court. *Id.* at 7. *See also In re Two Minor Children*, 8 A.S.R.2d 75 (Trial Div. 1988).

The petition is, therefore, denied.

It is so ordered.